**Mae Bulfa AGBON, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 02–72129.**

**Agency Nos. A70–048–942.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Land Wayland, Industry, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, OIL, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Mae Bulfa Agbon, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction pursuant 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's determination that Agbon failed to demonstrate an objectively well-founded fear of persecution supported by credible, direct and specific evidence in the record. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 413 (9th Cir.1991).

Agbon, by failing to qualify for asylum, necessarily failed to meet the more stringent standard required to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

To the extent Agbon contends the IJ violated her right to due process by conducting her merits hearing with a Tagalog translator, despite her request for a Resian translator, Agbon failed to show that this affected her ability to present her case, or that it influenced the outcome. *See Cuadras v. INS,* 910 F.2d 567, 573 (9th

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Cir.1990) (explaining that the right to a full and fair hearing is denied only if an alleged error results in prejudice).

Agbon's contention that the BIA was required to state reasons for its affirmance of the immigration judge's decision is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003) (holding that it does not violate due process for the BIA to affirm an immigration judge's decision without issuing an opinion).

## PETITION FOR REVIEW DENIED.